PAUL G. HAWLEY

v.

JOHN R. SIMONS ET AL.

FREEHOLD.—The question of a freehold being directly involved, a writ of error will not lie to this court.

ERROR to the Circuit Court of Kendall county; the Hon. C. W. UPTON, Judge, presiding. Opinion filed December 4, 1880.

Mr. B. F. PARKS, for plaintiff in error.

Mr. B. F. HERRINGTON, for defendants in error.

PER CURIAM. This was a bill in equity filed by plaintiff in error against defendant in error, seeking the aid of the court to correct certain sales, levies and sheriff's deed, made and obtained by virtue of an execution issued against Edward Simons, one of the respondents, and Theodore Watkins, in favor of Jonathan Reed, for use of William L. Fowler, at which sale, under the execution, complainant became the purchaser, the land having been levied on as the property of Edward Simons, charges that the sheriff in executing deed, after the time of redemption expired, made so many mistakes that the deed was void.

John R. Simons sets up title to the land and also bar of former recovery in ejectment suit between the same parties. The bill then prays the court to forever bar and foreclose the defendants in error, and all claiming under them of all right, title and interest in the land in suit, etc.

It appears that a freehold is directly involved in this litigation, hence a writ of error cannot be sued out to the circuit court from this court. The Appellate Court is devoid of jurisdiction to try the questions here involved.

Writ of error should be sued out from the Supreme Court

under Sec. 2 of the act concerning appeals. Laws, 1879, page 222; Patterson v. McKinney, 6 Bradwell 394.

This writ of error is therefore dismissed for want of jurisdiction.

Writ dismissed.